IN THE UNITED STTES DISTTICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

RECEIVED

SEP 18 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Carl Reed,
Constance Reed,
Wife/attorney-in-fact/Healthcare power of attorney
for and in behalf of Carl Reed,
    Plaintiffs,

vs.

Rush University Hospital and Medical Center;
Unnamed Rush University Hospital/Medical Center
Staff and personnel;

    Defendants.

17-cv-06693
Judge Harry D. Leinenweber
Magistrate Judge Young B. Kim

EMERGENCY COMPLAINT FOR
MANDATORY INJUNCTION ORDERING THE IMMEDIATE TRANSFER OF CARL REED
TO LOYOLA HOSPITAL (MAYWOOD, ILLINOIS) EMERGENCY ROOM

1. This is an emergency petition/complaint filed *In Forma Pauperis,* nominally by my husband Carl Reed and by the undersigned Constance Reed, his wife who exercises healthcare power of attorney for Carl Reed and is brought, pursuant to the Americans with Disabilities Act of 1990 (ADA), including changes made by the ADA Amendments Act of 2008 (P.L. 110-325), Carl Reed's protected state and federal constitutional, civil and human rights as a United States citizen, Carl Reed's statutory rights as a beneficiary of the Medicare Program protected by Title XVIII of the Social Security Act, chapter IV, Title 42, and in subtitle A, Title 45, Code of Federal Regulations.

IN THE UNITED STTES DISTTICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

2. Both plaintiffs to this petition are 69 years old citizens of the United States of America married to one another, and are legal residents of Illinois. This complaint seeks a mandatory injunction ordering Rush University Hospital/Medical Center to facilitate the immediate transfer of Carl Reed to Loyola Hospital Emergency Room. Rush University Hospital/Medical Center has consistently disregarded my wishes to be informed of the status of Carl Reed's condition and medical needs and they have administered medications against my express directives to refrain from doing without notice to me and my consent.

3. The grounds for this emergency complaint allege that Rush University Hospital/Medical Center, 1653 W. Harrison, Chicago, Illinois) and the other parties yet unnamed as defendants are responsible for neglecting his care and appropriate treatment and are inflicting physical pain and emotional duress upon my husband Carl Reed because the undeniable evidence of the epidural hematoma took place contemporaneous with the Rush University Hospital/Medical Center cardiac case manager's assessment that my husband was exceeding the days covered by Medicare.

4. I allege that my husband Carl Reed is being mistreated as the result of a subdural hematoma which has now worsened because they refused to treat it and is now an epidural hematoma which developed while Rush University Hospital/Medical Center was administering a series of blood thinner products and increased dosages of valproic acid both of which were conducted without my knowledge or consent.

IN THE UNITED STTES DISTTICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

5. The swelling became evident on the same day that Rush and the other parties yet unnamed as defendants were preparing Carl Reed for discharge to another facility to avoid treating his emergent medical needs because it required keeping Carl Reed as an inpatient after the maximum number of days for which Medicare would reimburse Rush Hospital. Instead, the named parties *unsuccessfully attempted* to have me forcibly removed from my husband's room and the hospital premises because they were uncomfortable with my presence while my husband was sponge bathed.

6. Rush University Hospital/Medical Center, 1653 W. Harrison, Chicago, Illinois and the other parties yet unnamed as defendants to this petition have ignored my requests to be informed of undisclosed medical measures and pharmaceuticals, have interfered with my exercise of healthcare power of attorney for my husband and acted in opposition my decision-making, have had a deleterious effect on his well-being and exacerbated his pain and suffering.

7. Presently, Rush University Hospital/Medical Center, 1653 W. Harrison, Chicago, Illinois and the other parties yet unnamed as defendants have closed ranks with each other in different divisions of the hospital hierarchy of Rush University Hospital/Medical Center to protect each other; are acting in concert to discredit the claims that my husband requires immediate intervention, possibly surgery, and I believe the reason they are neglecting his care and treatment is because, as with all circumstances in life, this facility may not staff the most skilled personal for the type of intervention needed by this patient who happens to be my husband .

IN THE UNITED STTES DISTTICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

8. By attempting to discredit the obvious need for immediate medical and, possibly, surgical intervention, the activities alleged against Rush University Hospital/Medical Center, 1653 W. Harrison, Chicago, Illinois and the other parties yet unnamed as defendants create a disproportionately higher likelihood of irreversible and, thus, irreparable harm and further injury to my husband's person, not to mention his present suffering than if Carl Reed were transferred to Loyola Hospital Emergency Room Services where he could be assessed by Loyola Hospital professionals with a proven track record of effectively responding to his present medical emergency.

9. This petition alleges that Rush University Hospital/Medical Center, 1653 W. Harrison, Chicago, Illinois and the other parties yet unnamed as defendants are acting in concert to effectuate the involuntary transfer of my husband to a facility to which I expressly forbid and do not give my consent as his medical power of attorney and his attorney-in-fact. My husband, Carl Reed's present condition contemporaneous with his medical treatment, some of which without my knowledge, is an outcome of developments throughout the duration of stay at Rush University Hospital/Medical Center.

IN THE UNITED STTES DISTTICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

### PRAYERS FOR RELIEF

10. We want a mandatory injunction prohibiting the transfer of my husband to any Kindred corporation facility, and an order mandating that Carl Reed is immediately transferred to Loyola Hospital Emergency Room where we believe my husband stands a better opportunity have his medical needs suitably, satisfactorily, appropriately and, more importantly, compassionately, cared for and treated because, according to the personal attestment by his former attorney, Loyola Hospital, Maywood, Illinois presently has staff with a proven track record of better care and improvement of my husband's specific medical needs that are being neglected at Rush University Hospital/Medical Center resulting in his deterioration; an order mandating that Rush is prohibited from transporting my husband to any facility other than Loyola Hospital Emergency Room in Maywood, Illinois. I am insistent that immediate care be administered to him for the swelling from the bleeding on his brain.

11. We believe the activities and events that are alleged against Rush University Hospital/Medical Center and the parties yet unnamed as defendants inflict unnecessary pain, suffering, and irreversible, permanent harm and injury upon my husband's person; and, we believe the activities and events that are alleged violate my husband's protected rights, pursuant to the prohibitions regulating and penalizing discrimination against disabled persons as set forth by the Americans with Disabilities Act of 1990 (ADA), including changes made by the ADA Amendments Act of 2008 (P.L. 110-325), violate his federally protected Constitutional, Civil and Human rights as a United States citizen, violate his statutory rights as a beneficiary of the Medicare Program protected by Title XVIII of the Social Security Act, chapter IV, Title 42, and in subtitle A, Title 45, Code of

IN THE UNITED STTES DISTTICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

Federal Regulations and violate my rights as his wife, entitled to the benefit of consortium with my husband, and have interfered with my exercise of and legal standing as Carl Reed's healthcare power of attorney.

12. By this petition, we request a mandatory injunction ordering Rush University Hospital/Medical Center and other parties yet unnamed as defendants to cease and desist their activities to exercise custody over my husband, as though he is the property of Rush University Hospital/Medical Center; to cease their activities to transfer Carl Reed to Kindred LTACH or any other Chicago area LTACH of Rush's choosing; to cease interfering with my exercise of protection for Carl Reed's healthcare and well-being by releasing my husband from all encumbrances that obstruct his transfer/transport out of Rush University Hospital/Medical Center's premises and custody by doing what is necessary to expedite his immediate transfer and transport to the Emergency Room Services of Loyola Hospital, located in Maywood, Illinois where his urgent medical needs may be addressed outside of the Rush medical jurisdiction.

Submitted, September 18, 2017 A.D.,

_Mrs. Constance Reed_
Mrs. Constance Reed, Pro Se
in behalf of Carl Reed, presently a patient at Rush University Hospital/Medical Center

1246 W. 64th Street
c/o PO Box 7049
Chicago, Illinois 60680
615-556-4640

IN THE UNITED STTES DISTTICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

## Certificate of Service

The undersigned attests <u>notice</u> of this complaint was hand delivered to the office of Carl Bergetz, Chief Legal Officer and General Counsel, Rush University Hospital/Medical Center, at his administrative office at 1700 W. Van Buren, Suite 301, on Friday, September 15, 2017.

*[signature]*
Mrs. Constance Reed